## WM. M. STARKS *v.* REUBEN, LORB & BLOOM.

Lasches—Attorney and Client—Duty of Client to Look After His Cause of
Action.

It is the duty of a defendant to inform the court of the illness of his
attorneys, where such facts are within his own knowledge, and to be
present in court in person to see that no advantage was taken of him.
And in the face of such facts a petitioner will not be acquitted of cul-
pable negligence, or indifference and inattention to his interests.

### APPEAL FROM M'CRACKEN CIRCUIT COURT.

January 22, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

It is not alleged in the petition that both the attorneys employed
by appellees during the whole term of the court were prevented
from attending to their clients' cases by sickness, nor that they
were for that cause prevented from being in court on the day on
which the action was set for trial, or afterwards during the term,
and were thereby prevented from discovering that a judgment had
been rendered against him, until after the expiration of the term
of the court.

But if appellant's counsel were both sick and unable to attend
to his case, which would have been a sufficient reeason for a con-
tinuance of it at that term of the court, if the judge had been
informed of the fact, still it was the duty of appellant to be in
court *himself,* when the case was called, to inform the court of the
sickness of his counsel, and to see that no advantage was taken of
him.   He, however, fails to state that he was at any time present
in court, or that he gave any attention whatever to the suits, and
offers no excuse or reason for this absence, or his failure to inquire
after the case.

The answer was not in the papers of the action in which the
judgment was rendered, and there was no motion to consolidate
the two actions, and it is not alleged that the court was informed
that the answer lodged with the clerk was intended to apply to
both actions.

The allegations of the petition are insufficient to acquit appellant

of culpable negligence, or at least of indifference and inattention his interest, such as courts cannot favor.

Wherefore, the judgment is *affirmed*.

*Harlan, for appellant.*

*Yersie, for appellee.*